IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUMONT BUSH, : | |
| : | Civil No. 1:14-CV-1057 |
| Plaintiff : | |
| : | (Judge Rambo) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant : | |

**REPORT AND RECOMMENDATION**

**I.** **Statement of Facts and of the Case**

For the *pro se* plaintiff, Dumont Bush, this litigation has been a long, and often confusing, journey.

Bush's litigative foray began in April 2013 when Bush, a federal prisoner who was formerly housed at the United States Penitentiary-Canaan in the summer of 2011 filed a complaint alleging that in June of 2011 the prison served inmates chicken fajitas. Bush v. United States, 1:13-CV-965 (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff has brought this action

seeking damages from the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

Bush's complaint clearly stated a claim under the FTCA, but was flawed in one procedural respect. It was filed prematurely, prior to Bush's exhaustion of his administrative remedies. Accordingly, on March 6, 2014, the defendant filed a motion to dismiss this complaint, which alleged that the plaintiff had failed to exhaust his administrative remedies within the prison before filing this lawsuit, something that prisoner plaintiffs are required by law to do as a prerequisite to seeking relief in federal court. With respect to this administrative exhaustion requirement, the undisputed evidence reveals the following chronology of events: On April 14, 2013, Bush submitted an administrative tort claim to the Bureau of Prisons. Two days later, on April 16, 2013, Bush filed this complaint in federal court. At the time that he filed this complaint, Bush had not exhausted his administrative tort claim. The Bureau of Prisons acknowledged receipt of this claim from the plaintiff on May 30, 2013, and denied the administrative tort claim on October 29, 2013, several months after Bush filed this lawsuit.

On these facts, where Bush failed to exhaust administrative remedies within the prison system prior to filing this complaint we recommended that the motion to dismiss be granted, but without prejudice to the re-filing of this FTCA claim now that

Bush had completed the process of exhausting his administrative tort claims. (Doc. 33.) The district court adopted this recommendation, in part, and dismissed Bush's FTCA complaint without prejudice. The district court, however, also tolled the statute of limitations under the FTCA, and directed Bush to file a new complaint on or before June 3, 2014. (Doc. 42.)

It seems clear that the district court contemplated the re-filing of the now fully exhausted FTCA claim in this new complaint. However, when Bush timely filed a new complaint, he sued the United States but only brought a constitutional tort claim, alleging that the defendant violated Bush's rights under the Eighth Amendment. (Doc. 1.) The United States has moved to dismiss this complaint, noting that a constitutional tort claim may not be brought against the United States. (Doc. 14.)[1] While the defendant is correct, and this complaint must be dismissed, it is recommended that the complaint be dismissed without prejudice to Bush re-filing his FTCA claim now that he has exhausted his administrative remedies, and that the district court reinstate its

---

[1] Bush has responded to this motion to dismiss, albeit in a fashion which underscores his procedural confusion regarding what is otherwise a facially valid FTCA claim. Specifically, Bush has filed a motion for appointment of counsel, (Doc. 17.), which explains that he has tried to pursue this claim, but reflects that he is plainly confused regarding how to litigate this matter. Through the recommendations we make in this Report and Recommendation, and our separate decision conditionally granting Bush's motion to appoint counsel if he timely re-files his FTCA claim, we believe that we are adequately addressing this *pro se* plaintiff's confusion.

prior order tolling the FTCA's statute of limitations while Bush re-files this FTCA complaint, provided that Bush acts promptly.

## II. Discussion

The defendant has moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel,

Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather,

in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

> **B.   Bush May Only Bring FTCA Claims Against the United States. Therefore, This Constitutional Tort Claim Against the United States Should Be Dismissed, Without Prejudice to Bush Re-Filing His FTCA Action**

In this case, the plaintiff, who previously filed a proper claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* has now filed a new complaint against the United States, which only seeks to sue the United States for an alleged constitutional tort. This Bush may not do. As we have previously noted for Bush, Bivens constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter,

"[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); Baker v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See Rinaldi v. United States, No. 1:09-CV-1700, 2010

U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "The only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law. See 28 U.S.C. § 1346(b)(1)." Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010). Therefore, when inmates bring actions against individual government officers for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants. Id.

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that Bivens actions against the United States – and,

by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in Bivens and FTCA actions control here and compel dismissal of the claims currently lodged in this case.  Since the plaintiff's latest complaint only makes constitutional tort claims, this complaint may not be brought against the United States. Instead, the United States of America is only a proper defendant with respect to FTCA claims, like the FTCA claims initially brought by Bush in  Bush v. United States, 1:13-CV-965 .

Bush recognizes his own confusion on this score, and has moved for the appointment of counsel in this case, citing this confusion. (Doc. 17.) We are, by a separate order, conditionally granting this motion, but in the meanwhile it is recommended that this Court:

First, grant the motion to dismiss Bush's current <u>Bivens</u> constitutional tort claims against the United States.

Second, consistent with its prior orders in <u>Bush v. United States</u>, 1:13-CV-965, the Court should direct Bush to re-file his FTCA claim, if he wishes to pursue that claim.

Third, consistent with its prior orders in <u>Bush v. United States</u>, 1:13-CV-965, the Court should also toll the FTCA statute of limitations to a date certain, thus enabling Bush to reinstate his FTCA claim, provided that he acts in a timely fashion.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss (Doc. 14.), be GRANTED and Bush's current <u>Bivens</u> constitutional tort claims against the United States be DISMISSED.

Second, consistent with its prior orders in <u>Bush v. United States</u>, 1:13-CV-965, IT IS RECOMMENDED that the Court direct Bush to re-file his FTCA claim, if he wishes to pursue that claim.

Third, consistent with its prior orders in <u>Bush v. United States</u>, 1:13-CV-965, IT IS RECOMMENDED that the Court should also toll the FTCA statute of limitations to a date certain, thus enabling Bush to reinstate his FTCA claim, provided that he acts in a timely fashion within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of November, 2014.

<u>**S/Martin C. Carlson**</u>
Martin C. Carlson
United States Magistrate Judge